IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GARY CLINTON TATUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 10-G-3094-S |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Gary Clinton Tatum, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## DISCUSSION

The court has carefully reviewed the record and finds the decision of the ALJ must be remanded for further development of the record. In the present case, the ALJ found the plaintiff suffers from cardiomegaly; ischemic heart disease with history of non-Q wave myocardial infarction; left ventricle diastolic dysfunction; congestive heart failure; and hypertension. Record 25. The ALJ sent the plaintiff for a consultative evaluation by Dr. Clay Rainer, who apparently specializes in physical medicine and rehabilitation. Record 190. A review of Dr. Rainer's examination reveals that it consisted mostly of range of motion testing. Record 189-190. The cardiovascular examination noted only the following: "Regular rate and rythm. No

murmurs, gallops, or rubs. There is no jugular venous distention. There are no abdominal bruits." Record 189. Even though he diagnosed congestive heart failure, Dr. Rainer did not complete a physical capacity evaluation, or otherwise give his opinion as to how the plaintiff's condition would affect his ability to do work-related activities. Although there are a number of treatment notes in the record relating to the plaintiff's heart disease, none of those treatment notes contain opinions from the plaintiff's treating physicians as to how his heart disease would affect his ability to work. The plaintiff has requested that the action be remanded for a consultative evaluation with an accompanying medical source opinion statement.

  Because of the Commissioner's duty to develop the medical record fully and fairly "it is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." Holladay v. Bowen, 848 F.2d 1206, 1209 (11th Cir. 1988)(quoting Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (internal quotation marks omitted). It has long been the law of this circuit that "[i]f the ALJ does not have before him sufficient facts on which to make an informed decision, his decision is not supported by substantial evidence." McGee v. Weinberger 518 F.2d 330, 332 (5th Cir. 1975)[1];

---

[1] In Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

see also, Kane v. Heckler, 731 F.2d 1216, 1219 (11th Cir 1984)(substantial evidence does not support ALJ's decision when he does not have sufficient facts on which to make an informed decision because of his failure to develop the facts fully and fairly). In such cases, the court must remand the case, with instructions that the record be properly developed. Such development should include an appropriate consultative evaluation when necessary. See, McGee at 332 ( remanding the action for further development of the record, "which should include the results of a consultative psychiatric examination..."); Davis v. Califano, 599 F.2d 1324, 1327 (5th Cir. 1979)(holding that the "peculiar facts of this case, McGee, the regulation, and justice" required remand for an examination by a psychiatrist); Ford v. Secretary of Health and Human Services, 659 F.2d 66, 69 (5th Cir., Unit B October 15, 1981)[2] (holding a consultative psychiatric examination was necessary to enable the ALJ "to make an informed decision").

      In the present case, the treatment records relating to the plaintiff's heart condition are not readily understandable by a lay fact finder, such as the ALJ. Nor do they contain narrative discussions about the plaintiff's condition and its impact upon his ability to work. The consultative physical evaluation ordered by the

---

[2] Decisions of Unit B of the Fifth Circuit Court of Appeals constitute binding precedent in the Eleventh Circuit. Jones v. Sullivan, 953 F.2d 1291, 1294 n. 9 (11th Cir. 1992).

Commissioner, likewise, did not provide sufficient evidence to allow the ALJ to make an informed decision. Therefore, like McGee, this is a case where the record does not contain sufficient facts to enable the ALJ to make a decision supported by substantial evidence as to the plaintiff's ability to perform work related activities in spite of his heart condition. As was Davis, this is a case where the law of the Circuit and justice requires remand for examination by a specialist.

In the present case examination of the plaintiff by a cardiologist is necessary. Accordingly, the action will be remanded with instructions that the plaintiff be examined by a cardiologist. The examiner should be requested to provide a narrative source opinion, understandable by a lay person, and shall render an opinion as to the plaintiff's ability to perform work related activities in spite of his heart disease. An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 17 August 2011.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.